**The Memorandum Decision and Order below is signed. It is not intended for publication in West's Bankruptcy Reporter. Dated: September 7, 2010.**



S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
          UNITED STATES BANKRUPTCY COURT
           FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
NATHANIEL JOSEPH FRAZIER,      )   Case No. 10-00758
II,                            )   (Chapter 7)
                               )
          Debtor.              )
```

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO RECONSIDER ORDER GRANTING MOTION TO
<u>MODIFY STAY TO PERMIT FORECLOSURE OF THE DEED OF TRUST</u>

On July 30, 2010, the debtor commenced this case under Chapter 7 of the Bankruptcy Code. Thereafter, Acacia Federal Savings Bank filed a motion for relief from the automatic stay as to real property located at 90 Hawthorne Court NE, Washington, DC 20017. After the debtor failed to timely respond to the motion, the court entered an order granting relief from the automatic stay on September 2, 2010 (Dkt. No. 35). The same day the court entered the order, the debtor filed with the court a motion to reconsider the lifting of the stay, stating that "The answer or response to the motion was stapled to the back of a package containing 20 or so documents--most of which were merely copies of the loan agreement. Because the response was on the last

page, I was unaware that I had a right to challenge the motion. I was (however) prepared to represent myself at the hearing scheduled for September 2, 2010."

Under Federal Rule of Bankruptcy Procedure 9023, the debtor may file a motion to alter or amend a judgment within 14 days of the entry of the judgment.  In filing a motion, however, the debtor must set forth grounds that would warrant the court setting aside its prior order.  Although the debtor's motion to reconsider raises grounds that call into question whether the notice given was sufficiently conspicuous to meet the requirements of Local Rule 9013-1(b)(3), because the motion fails to set forth any valid defenses to the substance of Acacia Federal's motion seeking modification of the stay, I will deny the debtor's motion to reconsider.[1]  For these reasons, it is

ORDERED that the debtor's motion to reconsider the court's September 2, 2010, Order Granting Motion to Modify Stay to Permit Foreclosure of the Deed of Trust (Dkt. No. 36) is DENIED.

[Signed and dated above.]

---

[1] I note that chapter 7 debtors opposing a secured creditor's motion for relief from the stay face a heavy burden. The Bankruptcy Code does not give chapter 7 debtors any enhanced rights than those that exist outside of bankruptcy to prevent a foreclosure sale.  And when the chapter 7 trustee is not opposing a motion seeking relief from the stay, there is no bankruptcy reason to prevent a secured creditor from seeking to enforce its rights under state law.  For these reasons, it is unlikely in any event that the debtor would have been able to come forth with a response sufficient to overcome the merits of the Acacia Federal's motion.

Copies to: Debtor; Michael Cantrell, attorney for Acacia Federal; Chapter 7 Trustee; Office of United States Trustee.